1  Venkat Balasubramani (SBN 189192)
2  Sean M. McChesney (admitted *pro hac vice*)
   FOCAL PLLC
3  800 Fifth Ave., Suite 4100
   Seattle, WA 98104
4  Phone: (206) 529-4827
   Fax: (206) 260-3966
5  venkat@focallaw.com
   sean@focallaw.com
6
7  Attorneys for Defendant
   WHITEPAGES, INC.
8
9
10                        UNITED STATES DISTRICT COURT
11                        EASTERN DISTRICT OF CALIFORNIA

12  | DARREL L. ESPINOSA, an individual, | Case No. 14:2 CV 2829 MCE ERB PS |
13  | Plaintiff, | **WHITEPAGES, INC.'S REQUEST TO STAY HEARING ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AND SERVE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT** |
14  | v. | |
15  | WHITEPAGES INC., a Delaware corporation; and PARTIES UNKNOWN, inclusively, | |
16  | Defendants. | Date:      September 9, 2015<br>Time:      10:00 a.m.<br>Courtroom: 8, 13th Floor<br>Judge:     Edmund F. Brennan |

20       This is a lawsuit arising out of the allegedly improper publication of Plaintiff's publicly
21  available address information in a free online directory operated by Defendant Whitepages Inc.
22  ("Whitepages"). Plaintiff's claims clearly lack merit, as set forth in Whitepages' Motion to Dismiss
23  which remains pending before the Court. Whitepages respectfully requests that the Court stay the
24  hearing on Plaintiff's instant motion (and Whitepages' deadline to file an opposition to Plaintiff's
25  motion), while it is considering Whitepages' Motion to Dismiss, which Whitepages submits the
26  Court should grant.
27

## BACKGROUND

On January 23, 2015, Plaintiff filed his Motion for Leave to File and Serve the Proposed Second Amended Complaint (Dkt. 6) ("Motion for Leave").

On February 6, 2015, Defendant filed its Statement of Non-opposition to Plaintiff's Motion to Leave (Dkt. 16) as well as a Motion to Dismiss (Dkt. 17).

Both parties' motions were referred to Magistrate Judge Brennan. Judge Brennan issued Findings and Recommendations recommending that Plaintiff's claims be dismissed (Dkt. 31). The Court determined that the Findings and Recommendations were issued in error, and were subsequently vacated on March 13, 2015 (Dkt. 34). New findings and recommendations addressing Plaintiff's Motion for Leave, and Whitepages' Motion to Dismiss have yet to issue.

Plaintiff filed the instant Motion for Leave to File and Serve Fourth Amended and Supplemental Complaint[1] on August 6, 2015 (Dkt. 42).

## DISCUSSION

**A.  A Stay is Warranted Given Whitepages' Pending Motion to Dismiss Plaintiff's Second Amended Complaint.**

Currently pending before the Court is Whitepages' Motion to Dismiss Plaintiff's Second Amended Complaint. The Motion to Dismiss seeks dismissal of all of Plaintiff's claims, with prejudice. Should the Court issue findings and recommendations recommending that Plaintiff's claims be dismissed with prejudice, Plaintiff's instant motion would be moot and a response to Plaintiff's instant motion would be unnecessary. Therefore, Whitepages respectfully submits that staying the hearing on Plaintiff's instant motion until such time as the Court has issued findings and recommendations on Whitepages' Motion to Dismiss would best promote judicial economy and prevent possible unnecessary time and expense of the Court and the parties.

---

[1] Subsequent to Whitepages' filing of its Motion to Dismiss, and while that motion was still pending, Plaintiff filed both a Supplemental Motion for Leave to File and Serve a Second Amended Complaint (Dkt. 33) and a Motion for Leave to File and Serve Third Amended Complaint (Dkt. 26). Plaintiff's instant motion indicates that he is withdrawing his Motion for Leave to File and Serve Third Amended Complaint.

B.  **Plaintiff's Proposed Fourth Amended Complaint Suffers from the Same Deficiencies as Plaintiff's Second Amended Complaint.**

Moreover, a review of the allegations in the Proposed Fourth Amended Complaint reveals that it fails on its face to state a cause of action, and any amendment would be futile:

- **Lanham Act**: As to the Lanham Act claim, Plaintiff does not and cannot allege that he has Lanham Act rights in his surname. *See Stark v. Diageo Chateau & Estate Wines Co.*, 907 F. Supp. 2d 1042, 1060 (N.D. Cal. 2012) ("surname[s] [are] considered descriptive and not protectable unless [they] acquire[] . . . secondary meaning"). Nor does Plaintiff allege that Whitepages is engaged in use of the mark**.** *See Obado v. Magedson*, 2014 U.S. Dist. LEXIS 104575, *24 (D.N.J. July 31, 2014) ("mere appearance of Plaintiff's name or image as part of the search results displayed in response to a user-generated query does not mean that the relevant company used Plaintiff' name for advertising or trade purposes").

- **Misappropriation of Name**: As set forth in Whitepages' Motion to Dismiss, any use by Whitepages of Mr. Espinosa's name must be considered incidental use, and therefore outside the scope of the statute. *See Yeager v. Cingular Wireless LLC*, 673 F. Supp. 2d 1089, 1100 (E.D. Cal. 2009). Moreover, even to the extent this is not the case, the inclusion of Mr. Espinosa in a free, publicly available directory falls under the public affairs exception. *See Dora v. Frontline Video, Inc.*, 15 Cal. App. 4th. 536, 545-46 (Cal. Ct. App. 1993).

- **Libel**: Plaintiff's libel claim is based on the allegation that Whitepages falsely suggested that plaintiff "lived in Marin County." Even if mistaken, saying someone lived somewhere that they did not does not support a cause of action for defamation.

- **Invasion of Privacy**: An invasion of privacy claim under the California Constitution requires an invasion that is "sufficiently serious in . . . nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35-37, 26 Cal. Rptr.

2d 834 (Cal. 1994). Courts have expressly held that name and address information does not fall into the category of information that can support an invasion of privacy claim. *See, e.g., Fogelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 992, 125 Cal. Rptr. 3d 260 (Cal. Ct. App. 2011) (address information); Memo in Supp. of Mot. To Dismiss, p. 8 (Dkt. 18.).

- **Breach of Contract**: Finally, as to his contract claim, Plaintiff fails to allege the basic elements of offer, acceptance, and consideration, instead arguing that Whitepages' failure to contact Plaintiff, or failure to notify Plaintiff of the listing of Plaintiff's name in Whitepages' directory, somehow forms a substitute for these elements. (*See* Proposed Fourth Amended Complaint (Dkt. 42-1) at ¶¶ 49-50.)

Based on the foregoing, Whitepages respectfully requests that the Court stay the hearing on Plaintiff's Motion for Leave to File and Serve Fourth Amended and Supplemental Complaint (and Whitepages' deadline to oppose Plaintiff's motion) until after such time as the Court has issued findings and recommendations on Whitepages' pending Motion to Dismiss.

DATED: August 14, 2015                     Respectfully submitted,

FOCAL PLLC

By:  s/ *Venkat Balasubramani*
Venkat Balasubramani (SBN 189192)

s/ *Sean M. McChesney*
Sean M. McChesney (admitted *pro hac vice*)

Attorneys for Defendant
WHITEPAGES, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 14, 2015, the undersigned filed the foregoing **WHITEPAGES, INC.'S REQUEST TO STAY HEARING ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AND SERVE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT** via the Court's CM/ECF system. Additionally, the foregoing has been served upon plaintiff Darrel L. Espinosa on August 14, 2015 by First Class Mail, postage prepaid, and is being hand delivered at the following address:

> Darrel L. Espinosa
> 6759 Harrington Avenue
> Arbuckle, CA 95912

DATED: August 14, 2015

s/ *Sean M. McChesney*
Sean M. McChesney