**FILED**

**AUG 2 1 2015**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1  DARREL L. ESPINOSA
   6759 Harrington Avenue
2  Arbuckle, California  95912
   (530) 908-7794
3

4

5  Plaintiff,
   Appearing *Pro Se.*

6

7

8            **UNITED STATES DISTRICT COURT**
9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**
                SACRAMENTO DIVISION
10

11 DARREL L. ~~ESINOSA~~ ESPINOSA,          )   CASE NO. 14:2 CV2829 MCE EFB PS
                                            )
12      Plaintiff,                          )   REQUEST FOR ENTRY OF DEFAULT AND
                                            )   CLERK'S DEFAULT JUDGMENT PURSUANT
13      Vs.,                                )   TO RULE 55(a and b) OF THE
                                            )   FRCP WITH DECLARATION IN SUPPORT
14 WHITEPAGES, INC., a Delaware             )   THEREOF.
   corporation,; and **PARTIES UNKNOWN**,   )
15 inclusively,                             )   DATE ENTERED: August 21, 2015
                                            )   TIME: Not Applicable
16 _____Defendants._____          )   Case filed 12/4/2014

17 TO ALL PATIES AND THEIR ATTORNEYS OF RECORD.

18    **COMES NOW** plaintiff DARREL L. ESPINOSA ("Plaintiff") appearing *pro se*

19 and requests the clerk of the United States District Court for the Eastern

20 District of California to enter default against defendant WHIREPAGES, INC., a

21 Delaware corporation, on the grounds that the Second Amended Complaint

22 ("SAC") – a true and correct copy of said complaint is attached and

23 incorporated hereto as Plaintiff's Exhibit 1; defendant WHITEPAGES,

24 INC.("Defendant"), has failed file a "new notice of motion setting a trial

25 date" pursuant to Local Rule 230(b) after the clerk of this court served

26 notice of the vacating of the hearing on the original notice of motion to

27 dismiss, thereby creating a defect in the motion to dismiss, therefore

28
   Plaintiff's Proposed Clerk's Default Judgment Pursuant to Rule 55(b)(1) of the FRCP  – 1

1   Defendant failed to "otherwise defend" pursuant to Rule 55(a) of the FRCP and
2   as such the clerk "must" enter the default against Defendant.  Defendant
3   consented to filing and serving the Second Amended Complaint on February 6,
4   2015.  SEE Docket Entry #16, therefore the SAC should have been filed on that
5   date pursuant to Rule 15(a)(2) of the FRCP.  Because of this error, Defendant
6   was only served with the First Amended Complaint("FAC"), therefore Defendant
7   would only be liable for those certain sums set forth in set forth in the
8   FAC.  Based on the attached declaration, the clerk "must" enter judgment on
9   the sums certain set forth in the FAC pursuant to Rule 55 subsection (a) of
10  the Federal Rules of Civil Procedure.  Furthermore, Plaintiff seeks the award
11  of sums of money less than the sums certain set forth in the FAC.  Plaintiff
12  attaches and incorporates hereto a true and correct copy of the FAC as
13  Plaintiff's Exhibit 1.

14      Entry of default and default judgment is sought based on this request
15  and the accompanying declaration and attached copies of the Second Amended
16  Complaint and United States Marshal's Service attached hereto as Plaintiff's
17  Exhibits 1 and 2, respectively, attached and incorporated by reference
18  hereto.

19

20                          FOR PLAINTIFF:

21

22  DATED:   August 20, 2015.        *Darrel L. Espinosa*

23                          DARREL L. ESPINOSA, Appearing *Pro Se*.

24

25

26

27

28
    Plaintiff's Proposed Clerk's Default Judgment Pursuant to Rule 55(b)(1) of the FRCP  - 2

092ff3490d81c9b1

1    <u>DECLARATION IN SUPPORT OF ENTRY OF DEFAULT AND CLERK'S DEFAULT JUDGMENT.</u>

2

3    I, DARREL L. ESPINOSA, declare:

4         1.       I am the plaintiff in the above-entitled action and am appearing

5    *pro se.*

6         2.       I duly filed the First Amended Complaint ("FAC") on December 29,

7    2015. SEE Plaintiff's Exhibit 1.

8         3.       Defendant WHITEPAGES, INC., is a Delaware corporation, therefore

9    cannot be a minor or an incompetent person and is the only party defendant

10   served in the above-entitled action.

11        4.       The FAC states compensatory damages in the sum certain of

12   $3,900,000.00.  SEE Plaintiff's Exhibit 1, p. 6, ¶ 24, lines 16-18.

13        5.       The prayer in the FAC seeks the award of compensatory damages in

14   the sum certain of $3,900,000.00.  SEE Plaintiff's Exhibit 1, p. 7, ¶ 1,

15   lines 16-18.

16        6.       The FAC states additional injuries to my peace of mind in the sum

17   certain of $390,000,000.00.  SEE Plaintiff's Exhibit 1, p. 6, ¶ 25, lines 19-

18   25.

19        7.       The prayer in the FAC seeks the award of in the sum certain of

20   $390,000,000.00.  SEE Plaintiff's Exhibit 1, p. 7, ¶ 2, lines 19-18.

21        8.       On February 2, 2015, I filed the summons, FAC, and other

22   ancillary orders and other papers ordered to be served on defendant

23   WHITEPAGES, INC. ("Defendant"), as ordered by this court.

24        9.       On July 10, 2015, I received a carbon copy of the United States

25   Marshal's Service Process Receipt and Return through the United States Postal

26   service.

27        10.      The copy of the United States Marshal's Service Process

28
     Plaintiff's Proposed Clerk's Default Judgment Pursuant to Rule 55(b)(1) of the FRCP  - 3

1   Receipt and Return I received in the mail was difficult to read.

2       11.    On July 13, 2015, I went to the Office of the Clerk of the United

3   States District Court for the Eastern District of California to obtain a copy

4   of the United States Marshal's Service Process Receipt and Return on file

5   with the court and it is a copy of that copy received on July 13, 2015, that

6   is attached and incorporated by reference hereto as Plaintiff's Exhibit 2.

7       12.    Defendant filed a motion to dismiss on or about February 9, 2015.

8       13.    The court vacated the court date for the hearing on the motion to

9   Dismiss which then created a defect in the motion, no notice setting a

10  hearing date pursuant to Local Rule 230(b). Docket Entry #24.

11      14.    The clerk of the court served a copy of the order vacating the

12  hearing date for the motion to dismiss, thereby providing notice to Defendant

13  of a defect in the motion to dismiss.

14      15.    It has been almost six (6) months since the clerk provided notice

15  of defect in the motion to dismiss and Defendant has refused to comply with

16  Local Rule 230(b) by filing and serving "a new notice of motion setting forth

17  a proper time and date" for the motion to dismiss.

18      16.    I provided fair warning of the defect by seeking a default for

19  the same reason on July 15, 2015.

20      17.    Defendant still refuses to comply with Local Rule 230(b) by

21  filing and serving "a new notice of motion setting forth a proper time and

22  date" for the motion to dismiss, therefore has failed to "otherwise defend"

23  pursuant to Rule 55(a) of the FRCP.

24      18.    The calculation of the compensatory damages in the FAC was

25  calculated based on the premise that the litigation may continue for up to

26  two (2) more years and was calculated from February of 2002 through January

27  of 2017.

28

1   19.      By recalculating the compensatory damages from the end of

2   litigation and rounding off from July of 2015 back to February of 2002 the

3   damages are $3,469,999.90.

4   20.      The calculation of the general damages (disturbance of peace of

5   mind) was, again, based on maximum possible damages in the sum of

6   $390,000.00.

7   21.      By recalculating the costs of relocation, legal procedures

8   required to return my right to live in seclusion and intentional injury

9   infliction of mental stress proximately and directly caused by the

10  disturbance to my peace of mind, the sum of the general damages should be

11  reduced to $2,360,000.00.

12  22.      I am requesting that the total monetary damages set forth in

13  the clerk's default be for the total amount of $5,829,999.90.

14  23.      I hereby request the clerk of the United States District Court

15  for the Eastern District of California to enter a default against defendant

16  WHITEPAGES, INC., and a clerk's default judgment in the sum of $5,829,999.90

17  against defendant WITEPAGES, INC.

18  24.      Upon entry of clerk's default judgment and no order entered in

19  future to set aside said judgment, I voluntarily dismiss all other party

20  defendants from this action.

21  25.      This declaration is based on my personal knowledge.

22  26.      This declaration is not intended to overly annoy, vex and/or

23  harass any party to this action and is made in the interest of justice.

24

25      I declare under the penalty of perjury under the laws of the United

26  States of America that the foregoing is true and correct.

27

28
    Plaintiff's Proposed Clerk's Default Judgment Pursuant to Rule 55(b)(1) of the FRCP   - 5

1   EXECUTED on this 20th day of Auust 2015 in the County of Colusa, a political

2   and administrative subdivision of the State of California.

3

4                                        *Darrel L Espinosa*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROOF OF SERVICE BY MAIL.

2

3   I, DON KENYON, certifies:

4       I am over the age of 18 years and am not a party to the above-entitled

5   action.  I am a citizen of the United States of America and reside in the

6   County of Yolo, State of California.

7       On August 21, 2015, I caused to be served on defendant WHITEPAGES,

8   INC., a true and correct copy of the attached Request for Entry of Default

9   and Clerk's Default Judgment Pursuant to Rule 55 (a and b) of the FRCP with

10  Declaration in Support Thereof by causing same to be deposited in the United

11  State Postal service, Dunnigan branch, by placing same in a sealed envelope

12  and mailed by priority mail with postage prepaid addressed to its attorney of

13  record focal, PLLC, attention Venkat Balasubramani or Sean M. McChesney, at

14  800 Fifth Avenue, Suite 4100 Seattle, WA. 98104.

15      I certify under the penalty of perjury under the laws of the United

16  States of America that the foregoing is true and correct.

17  EXECUTED on this 21ST day of August 2015 in the County of Colusa, State of

18  California.

19

20

21

22

23

24

25

26

27

28

ESPINOSA V. WHITEPAGES, INC., *et al.*                    CASE NO. 14:2 CV2829 MCE EFB PS

REQUEST FOR ENTRY OF DEFAULT AND CLERK'S DEFAULT JUDGMENT

PURSUANT TO RULE 55(a and b) OF THE FRCP.

FIRST AMENDED COMPLAINT

Plaintiff's Exhibit 1

1  DARREL L. ESPINOSA
2  6759 Harrington Avenue
   Arbuckle, California  95912
3  (530) 908-7794

4

   Plaintiff,
5  Appearing Pro Se,

6

7

8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA

10  DARREL L. ESPINOSA,                    CASE NO. 14:2 CV 2829 MCE EFB PS

11        Plaintiff,

12             Vs.,                        AMENDED COMPLAINT FOR MONETARY
                                           DAMAGES FOR INVASION OF PRIVACY
                                           PURSUANT TO CAL. CONST. § 1.
13  WHITEPAGES, INC. a Delaware
    corporation, dba WHITEPAGES.COM;
14  and PARTIES UNKNOWN, inclusively,        [Diversity]

15        Defendants.

16  ─────────────────────────────────      Trial By Jury Demanded.

17        For his complaint for invasion of privacy pursuant to Cal. Const. Art.

18  I § 1 against the Defendants WHITEPAGES, INC., a Delaware corporation,; and

19  PARTIES UNKNOWN, dba WHITEPAGES.COM, inclusively ("defendants,"

20  collectively), the plaintiff DARREL L. ESPINOSA ("Plaintiff") sets forth and

21  says as follows:

22

23                                  I.

24                    JURISDICTION AND VENUE.

25     1.   The Plaintiff, a resident of the State of California, brings action

26  pursuant to Cal. Const. Art. I § 1 against a resident of the State of

27  Washington, WHITEPAGES, INC., a Delaware corporation, dba WHITEPAGES.COM,

28  wherein the matter at controversy exceeds $75,000.00, exclusive of interest

─────────────────────────────────────────────────────────────────────────────
Complaint for Monetary Damages for Invasion of Privacy Pursuant to Cal. Const. Art. I § 1 · Espinosa v. WHITEPAGES, INC. et al.   Page 1

1   and costs therefore this court has jurisdiction over the matters complained

2   herein pursuant to 28 U.S.C. § 1332(a)(1).

3       2.      The events and circumstances that give rise to the controversy

4   herein substantially occurred in the County of Colusa, a political and

5   administrative subdivision of the State of California, based on a cause of

6   action that substantially occurred in the County of Colusa, a political and

7   administrative subdivision of the State of California, therefore this court

8   has subject matter and personal jurisdiction over the matters complained

9   herein pursuant to 28 U.S.C. § 1391(b)(2).

10

11                                    II.

12                                  PARTIES.

13      3.      The Plaintiff is a resident of the County of Colusa, a political

14  and administrative subdivision of the State of California, and resides in the

15  State of California that pursuant to Cal. Const. Art. I § 1 provides the

16  Plaintiff the "inalienable" right to privacy.

17      4.      The Plaintiff has information and based on that information

18  believes that the defendant WHITEPAGES, INC., a Delaware corporation with

19  primary place of business located at 1301 5th Avenue, Suite 1600, Seattle,

20  State of Washington, that does business in the State of California under the

21  business identification of WHITEPAGES.COM.  Said defendant is sued herein

22  within such capacity.

23      5.      The Plaintiff is ignorant of the true names and capacities of the

24  remaining defendants whether actual, corporate, partnership, associate or

25  otherwise who participated or benefited from the acts and omissions

26  complained herein, therefore the Plaintiff identifies such defendants under

27  the fictitious name PARTIES UNKNOWN.  The Plaintiff will amend the complaint

28

1  to state the true names and capacities of the remaining defendants when they

2  are known to the Plaintiff.

3

4                                    III.

5                            CAUSE OF ACTION.

6        6.    The Plaintiff has the "inalienable. . . right to . . . privacy"

7  pursuant to Cal. Const. Art. I § 1.

8        7.    In February of 2000, the Plaintiff created licensing agreements

9  for the use of the Plaintiff's personal information for the following

10  purposes:

11  (1)  To protect the Plaintiff's informational privacy interests;

12  (2)  To protect the Plaintiff's autonomy privacy interests;

13  (3)  To reinforce the Plaintiff's autonomy privacy interests;

14  (4)  To provide the Plaintiff with immediately discernible amount in the

15  event of identity theft;

16  (5)  To prevent the improper use of personal information proper gathered and

17  stored - EXAMPLE, the Plaintiff agrees to provide his name , address and

18  telephone number to this court for the specific purpose that the court and

19  parties to the action can contact him in regards to the court action, it does

20  not create a waiver to use such information for other purposes by third

21  parties who were not parties to the agreement, therefore have no standing or

22  capacity to change the purpose of the agreement;

23  (6)  To provide notice of the Plaintiff's right to control the use of the

24  Plaintiff's personal information;

25  (7)  To avoid any assumed power of attorney related to the Plaintiff's

26  personal information;

27  (8)  To protect the Plaintiff's right to be secure his person, papers and

28  effects from unreasonable searches;

(9)   To protect the Plaintiff's freedom of assembly which encompasses his liberty from association, the Plaintiff controls which people and causes he associates; and

(10)   To curtail the false perception that just because there is a device, the internet, that provides the means to snoop in other persons private affairs does not create a right to snoop any more than a window creates a right to peeping toms to intrude in another's personal affairs.

The Plaintiff attaches and incorporates by reference hereto a true and correct copy of such agreement – with the 2006 changes in italics – as Plaintiff's Exhibit 1.

10.   The defendants WHITEPAGES, INC, and PARTIES UNKNOWN did commercially exploit the Plaintiff's personal information, including the Plaintiff's name, address and telephone, through the sale of subscriptions and other monetary transactions.

11.   The defendants WHITEPAGES, INC, and PARTIES UNKNOWN did commercially exploit the Plaintiff's personal information, for their personal benefit and profit.

12.   The defendants WHITEPAGES, INC, and PARTIES UNKNOWN made no reasonable inquiries as to whether the Plaintiff agreed to the commercial exploitation of the Plaintiff's personal information.

13.   The failure to make reasonable inquiries as to whether the Plaintiff consented to the commercial exploitation of the his personal information was for the purpose of evading knowledge of the Plaintiff's personal information was subject to licensing fees, evade profit sharing from disclosing the Plaintiff's personal information, and to unjustly profit from the selling of the Plaintiff's personal information.

14.    The Plaintiff has information and based upon that information believes the Defendant NIX and PARTIES UNKNOWN did enter into an agreement, common course of conduct and common enterprise to engage in the dissemination of the Plaintiff's personal information, and that of others, to obtain 'foreign aid' and other monetary promotion schemes.  The Plaintiff's information and belief is based on news publications including broadcast and written.

IV.

CLAIM FOR RELIEF.

15.    The Plaintiff incorporates by reference hereto paragraphs nos. 1 through 14, above, as though set forth in full herein.

16.    The Plaintiff has an informational privacy interest that precludes the dissemination or misuse of the Plaintiff's personal information.

17.    The Plaintiff has an autonomy privacy interest in the conduct of his personal activities without observation, intrusion or interference.

18.    The Plaintiff has an autonomy privacy interest created by Plaintiff's Exhibit 1 from any commercial exploitation of his personal information without the Plaintiff's consent.

19.    The Plaintiff has created notice of his intent to limit access to the Plaintiff's personal information by creating the licensing agreements, Plaintiff's Exhibit 1.

20.    The defendants herein, and each of them, failed to make reasonable inquiries, contacting the Plaintiff before obtaining and using the Plaintiff's personal information, to evade knowledge that the Plaintiff had licensing agreements.

21.   The Plaintiff has incurred damages to his privacy agreements, Plaintiff's Exhibit 1, by the acts of the defendants herein, and each of them, by using the Plaintiff's personal information without entering into a licensing agreement and paying the licensing fee for the period from February of 2002 to January of 2007 in the sum of $1,300,000.00.

22.   The Plaintiff has incurred damages to his privacy agreements, Plaintiff's Exhibit 1, by the acts of the defendants herein, and each of them, by using the Plaintiff's personal information without entering into a licensing agreement and paying the licensing fee for the period from February of 2007 to January of 2011 in the sum of $1,300,000.00.

23.   The Plaintiff has incurred damages to his privacy agreements, Plaintiff's Exhibit 1, by the acts of the defendants herein, and each of them, by using the Plaintiff's personal information without entering into a licensing agreement and paying the licensing fee for the period from February of 2011 to January of 2016 in the sum of $1,300,000.00.

24.   The Plaintiff seeks $3,900,000.00 in compensatory damages proximately and directly caused by the defendants invasion of the Plaintiff's privacy.

25.   The defendants' invasion of the Plaintiff's privacy has disturbed the Plaintiff's peace of mind as such invasion was intended to publish the Plaintiff's personal information thereby violating the Plaintiff's informational and autonomy privacy interest that directly and proximately caused the diminution in the value of the Plaintiff's licensing agreements which is difficult to determine, therefore the Plaintiff seeks $390,000,000.00, or a sum according to proof.

26.   The actions of the defendants herein complained was intended to promote the coercion to the will of the defendants.

Complaint for Monetary Damages for Invasion of Privacy Pursuant to Cal. Const. Art. I § 1 · Espinosa v. WHITEPAGES, INC., et al.   Page 6

27.   The actions of the defendants herein complained was willful, wanton, oppressive, coercive and in direct violation of the policies of the people of the United States of America and the people of the State of California, therefore the Plaintiff seeks up to 60 times the amount sought in compensatory damages or the sum of $234,000,000.00, or according to proof, in exemplary and or punitive damages.

V.

### DEMAND FOR JURY TRIAL.

28.   The Plaintiff reserves the right to a trial by jury.

VI.

### PRAYER.

WHEREFORE, the plaintiff DARREL L. ESPINOSA prays this court enter judgment as follows:

1. This court order the defendants WHITEPAGES, INC.; and PARTIES UNKNOWN to pay the plaintiff DARREL L. ESPINOSA the sum of $3,900,000.00 in compensatory damages;

2. This court order the defendants WHITEPAGES, INC.; and PARTIES UNKNOWN to pay the plaintiff DARREL L. ESPINOSA the sum of $390,000,000.00 or such sum as the court or jury deems appropriate;

3.   This court order the defendants WHITEPAGES, INC.; and PARTIES UNKNOWN to pay the plaintiff DARREL L. ESPINOSA the sum of $390,000,000.00 or such sum as the court or jury deems appropriate;

4.   This court order the defendants WHITEPAGES, INC.; and PARTIES UNKNOWN to reimburse the plaintiff DARREL L. ESPINOSA for all reasonable costs and expenses he incurs in the prosecution of this matter; and

5.   This court order such other appropriate relief as to make the

1 | plaintiff DARREL L. ESPINOSA whole and bring finality to this matter.

2

3 | DATED: December 21, 2014.

4 |                           FOR PLAINTIFF:

5

6

7 |                           DARREL L. ESPINOSA, Appearing Pro Se.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ESPINOSA V. WHITEPAGES, INC., *et al.*                    CASE NO. 14:2 CV2829 MCE EFB PS

REQUEST FOR ENTRY OF DEFAULT AND CLERK'S DEFAULT JUDGMENT

PURSUANT TO RULE 55(a and b) OF THE FRCP.

PROCESS RECEIPT AND RETURN

FROM UNITED STATES MARSHAL'S SERVICE.

Plaintiff's Exhibit 2

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal"*
*on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| DARREL L. ESPINOSA | 14:2 CV2829 MCE EFB55 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| WHITEPAGES, INC. et al. | Summons/Complaint |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

➡ CT Corporation System (Agent of Service of Process for WHITEPAGES)

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** 818 WEST SEVENTH STREET, 2nd FLOOR, LOS ANGELES, CA 90017

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

DARREL L. ESPINOSA
6759 HARRINGTON AVENUE
ARBUCKLE, CA 95912

**FILED**
Jun 22, 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

2015 JUN 22 AM 10: 52

| | |
|---|---|
| Number of process to be served with this Form - 285 | 6 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):*

I have attempted to obtain Waiver of Summons from defendant and attorney of record. Time to serve Waiver expired 1/29/2015, with no respose. Advise you to personally serve CT Corporation System in Los Angeles. SEE WRITTEN INSTRUCTIONS

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Darrel L Espinosa | | (530) 908-7794 | 2/2/2015 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only first USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | 07 | 07 | | 2/3/15 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

KIRSTIN EDRALIN, SOP INTAKE Specialist Service of Process

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address *(complete only if different than shown above)*

| Date of Service | Time | am/pm |
|---|---|---|
| 6/16/15 | 12:32 | pm |

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS: MAILED 2/5/15
ASSIGNED PERSONAL SERVICE FWD TO S/CA 5/26/15
6/16/2015 Served CT, KIRSTIN EDRALIN SOP INTAKE Specialist Service
OF Process. 6/16/15 2 DUSM, 2 HR 8miles RT

PRIOR EDITIONS
MAY BE USED

**1. CLERK OF THE COURT**

FORM USM-285 (Rev. 12/15/80)