

FILED
AUG 21 2015
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

1  DARREL L. ESPINOSA
   6759 Harrington Avenue
2  Arbuckle, California  95912
   (530) 908-7794
3

4
   Plaintiff,
5  Appearing *Pro Se.*

6

7

8              **UNITED STATES DISTRICT COURT**
9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**
                     SACRAMENTO DIVISION
10
                  ESPINOSA
11 DARREL L. ~~ESINOSA~~,              )  CASE NO. 14:2 CV2829 MCE EFB PS
                                       )
12       Plaintiff,                    )  PLAINTIFF'S MOTION FOR SANCTIONS
                                       )  PURSUANT TO RULE 11(b and c) OF
13       Vs.,                          )  THE FRCP AND LOCAL RULE 110 WITH
                                       )  MEMORANDUM OF POINTS AND
14 **WHITEPAGES, INC.**, a Delaware    )  AUTHORITIES AND DECLARATION IN
   corporation,; and **PARTIES UNKNOWN**, )  SUPPORT THEREOF.
15 inclusively,                        )  DATE: September 9, 2015
                                       )  TIME: 10:00 A.M.
16       Defendants.                   )  Courtroom 8, 14th Floor
   _____   )  Magistrate Judge Edmund F. Brennan
17                                        Case filed 12/4/2014

18 TO ALL PATIES AND THEIR ATTORNEYS OF RECORD.

19     **NOTICE IS HEREBY GIVEN** that plaintiff DARREL L. ESPINOSA ("Plaintiff")

20 appearing *pro se* shall move this court located in the Robert A. Matsui

21 Federal Courthouse at 501 "I" Street, Sacramento, California on September 9,

22 2015, at 10:00 A.M. or at such time soon thereafter as the court deems

23 appropriate, before the Honorable Edmund F. Brennan, magistrate judge, in

24 Courtroom 8 on the 14th floor, for sanctions pursuant to Rule 11(c) of the

25 Federal Rule of Civil Procedure ("FRCP") against defendant WHITEPAGES, INC.

26 ("Defendant"), and its attorneys of record Venkat Balasubramani and Sean M.

27

28
        Motion for sanctions pursuant to Rule 11(c) of the FRCP and Local Rule 110 - 1

1 | McChesney of focal[1] PLLC, for filing a request (motion) for stay based on a
2 | motion to dismiss that said parties refuse to notice and place on calendar
3 | pursuant to Rule 230(b) of the of the Local Rules of Court for the improper
4 | purpose of causing unnecessary delays and to harass Plaintiff and to increase
5 | the cost of litigation in violation of Rule 11(b)(1) of the FRCP. Plaintiff
6 | attaches and incorporates by reference hereto a true and correct copy of the
7 | offending document as Plaintiff's Exhibit 1.
8 |     This motion shall be based on this notice with memorandum of points and
9 | authorities and declaration in support thereof, the files, records and papers
10 | filed with this court, and such evidence, whether oral or documentary that
11 | may be presented at the hearing of this matter.

FOR PLAINTIFF:

DATED: August 19, 2015.

*Darrel L. Espinosa*

DARREL L. ESPINOSA, Appearing *Pro Se*.

---

[1] This is the way said law firm spells its name on its letterhead and envelopes, all lower case letters.

Motion for sanctions pursuant to Rule 11(c) of the FRCP and Local Rule 110 - 2

MEMORANDUM OF POINTS AND AUTHORITIES.

I.

PERTINENT PROCEDURAL FACTS.

Plaintiff filed a motion for leave to file and serve a Second Amended Complaint ("SAC") on pursuant to Rule 15(a)(2) of the FRCP. Plaintiff attaches and incorporates by reference hereto a true and correct copy of the SAC as Plaintiff's Exhibit 2. The Defendant consented to the filing of the SAC pursuant to Rule15(a)(2) of the FRCP by filing a notice of non-opposition. Plaintiff attaches and incorporates by reference hereto a true and correct copy of Defendant's consent as Plaintiff's Exhibit 2. Defendant then filed a motion to dismiss in violation of Local Rule 302(c)(21) by noticing a hearing before the assigned judge rather than the magistrate judge. SEE Docket Entry # 17 through # 21. Defendant then filed notice for hearing before the Honorable Edmund F. Brennan. SEE Docket Entry # 23. The court vacated the hearing on the motion to dismiss, thereby nullifying the notice of motion. SEE Docket Entry # 24. This created a defect in the motion to dismiss pursuant to Local Rule 230(b). In issuing the order to vacate the hearing, the court gave Defendant and counsel of record sufficient notice of a defect in the motion, therefore requiring Defendant and its counsel of record ample time to "file and serve a new notice of motion setting forth a proper time and date" pursuant to Local Rule 230(b).

Plaintiff was noticed on July 11, 2015, that the United states Marshal's Service had perfected service of process on Defendant on June 16, 2015. Plaintiff waited over four (4) months for Defendant and its counsel of record to comply with Local Rule 230(b). As the court had no responsive pleading before it, Plaintiff filed a request for default pursuant to Rule

Motion for sanctions pursuant to Rule 11(c) of the FRCP and Local Rule 110 - 3

1  55(a) of the FRCP and request for clerk's default judgment. Plaintiff
2  attaches and incorporates by reference hereto as Plaintiff's Exhibit 3 and
3  request for a clerk's default judgment on sums certain set forth in the SAC.
4  Plaintiff was unsure as to whether the court's clerk had the power to reduce
5  the sums certain set forth in the complaint, therefore set forth in
6  Plaintiff's Exhibit 3 the amounts sought in the SAC. Plaintiff filed an
7  alternative request for clerk's default judgment requesting that the sums
8  awarded be reduced. Plaintiff attaches and incorporates by reference hereto
9  a true and correct copy of the alternative request as Plaintiff's Exhibit 4.
10      The court clerk refused to enter the request for default and the
11 request for clerk's default judgment on the certain sums in the complaint.
12 Plaintiff argues that the clerk's office acted in error.

## II.

### GROUNDS FOR MOTION.

Local Rule 110 is clear, that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Rule 55 of the FRCP grants the court the authority to enter a default for "failure to . . . otherwise defend" and the inherent powers of the court and Rule 110 provides the authority to the court to vacate any order granted leave to any attorney to practice before the court.

## III.

### ARGUMENTS OF FACT AND LAW.

A. THE CLERK ERRED IN DENYING PLAINTIFF'S REQUEST FOR DEFAULT.

Motion for sanctions pursuant to Rule 11(c) of the FRCP and Local Rule 110 - 4

Rule 55 is not limited to a failure to plead. If the rule was intended to do so, the rule would not have included the words following "to plead" with the words "or otherwise defend." Local Rule 230(b) states clearly that the "matter shall be set for hearing on the motion calendar of the Judge or Magistrate Judge to whom the action has been assigned." This creates a burden on the moving party to file notice of a hearing date for the motion to be heard. Vacating the hearing date for the motion to dismiss creates a defect in the motion to dismiss. Once the defect is known to the moving party, Local Rule 230(b) further states that once the defect is known to the moving party, "the moving party shall file and serve a new notice of motion setting forth a proper time and date." [NOTE: Subsections (c) and (d) do not go into effect until there is compliance with Local Rule230(b).]

Rather than complying with Local Rule 230(b), filing "a new notice of motion," Defendant files a "request" for a stay based on the defective motion to dismiss. Bluntly, how much more time would have been consumed filing "a new notice of motion" than preparing a "request' for stay based on a defective motion to dismiss? Being a lowly *pro se* litigant and not familiar with all the technicalities of legal practice of law, Plaintiff is under the possibly wrongful belief that all "a new notice of motion" would require is taking the original notice of motion and changing dates on a word processor. Defendant has failed to "otherwise defend" and it is mandatory that the clerk enter a default. Only the court, meaning the judge or magistrate judge, has the discretion whether the default should be denied. The clerk is practicing law, and bad law at that, in giving an opinion that a failure to schedule a hearing falls within "failure to . . . otherwise defend."

B. <u>FIRST AMENDMENT CONSIDERATIONS.</u>

Motion for sanctions pursuant to Rule 11(c) of the FRCP and Local Rule 110 - 5

Defendant is acting on some belief that the motion to dismiss has been submitted on the papers. There is no record of the court ordering the matter submitted on the papers. The failure to comply with subsection (b) of Local Rule 230 nullifies Plaintiff's obligations under subsection (c) of Local Rule 230. This brings into play the freedom to redress a grievance provision of the First Amendment to the United States Constitution. This court's powers, particularly the powers of a magistrate judges, are bestowed by an act of Congress. 28 U.S.C. § 636. Any attempt to violate the freedom to redress a grievance by use of color of statute, violates the First Amendment. "In the domain of these indispensable liberties, whether of speech, press, or association, [or redress of grievance] the decisions of this Court recognize that abridgement of such rights, even though unintended, may inevitably follow from varied forms of governmental action." *N.A.A.C.P. v. Alabama* 357 U.S. 449, 461 (1958). While the enactment of 28 U.S.C. § 636 may be benign, the application the statute with the intent to deny Plaintiff's freedom to redress, to file an opposition to Defendant's defective motion to dismiss would offend the First Amendment.

C. DEFENDANT VIOLATES RULE 11(b)(1).

Rule 11(b)(1) of the FRCP states "[b]y presenting to the court a . . . . written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney . . . - certifies that the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" and "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." An "inquiry reasonable under the circumstances" clearly shows that there is no hearing on the motion to

Motion for sanctions pursuant to Rule 11(c) of the FRCP and Local Rule 110 - 6

dismiss scheduled to be heard. Defendant wants a stay on the proceedings until when? Three questions this court must address to the defense. The first is, why did the defense fail to file a "new notice of motion setting forth a proper time and date" in March, April, May, June, July or August of 2015? The second while on its face may appear disrespectful and blunt but is to the point and emphasizes the lack of professionalism and diligence on the part of the defense, when was the defense going to 'get off its butt' and file the "new notice of motion setting forth a proper time and date" for the motion to dismiss? The third question is, why did the defense file a 'request for stay' instead of a "new notice of motion setting forth a proper time and date" for the motion to dismiss?

By "signing, filing, submitting, or later advocating" the 'request for stay,' defense counsel is certifying that a reasonable inquiry was made determining there was a lawfully filed motion to dismiss calendared for hearing upon which a stay could be applied. The evidence shows that there was no hearing scheduled and defense counsel made no reasonable inquiry as to whether a motion to dismiss was before the court upon which a stay would apply. The "request' or "other paper" was submitted for "improper purpose" intended "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Defendant and defense counsel violated Rule 11(b)(1).

D. <u>SANCTIONS PURSUANT TO LOCAL RULES 110 and RULE 11(c) OF THE FRCP ARE APPROPRIATE.</u>

Rule 11(c) of the FRCP grants the court the authority to sanction Defendant and/or Defendant's attorneys of record. Rule 11(c) further provides that "[a]bsent exceptional circumstances, a law firm must be held jointly responsible f or a violation committed by its partner, associate or

Motion for sanctions pursuant to Rule 11(c) of the FRCP and Local Rule 110 - 7

employee." Local Rule 110 states "[f]ailure of counsel . . . to comply with [the Local] Rules [of Court] may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rules or within the power of the Court." A simple reading of Rule 11(c) and Local Rule 110 together means the sanctions imposed under Local Rule 110 would also apply to the law firm focal, PLLC.

Defendant and its attorneys of record have blatantly failed to comply with Local Rule 230(b) for six (6) months. Its latest filing is only a continuation of their blatant refusal to comply with the Local Rules. Plaintiff gave sufficient warning in July of 2015 of their failure to comply with the Local Rules. Still, Defendant and its attorney of record refuse to comply with Local rule 230(b). Defendant and its attorneys of record have impugned this court with its actions showing not only disdain for this court's rules but mocking the court as powerless to control the behavior in court of the Defendant and its attorneys of record. Plaintiff points out that this is an overall flaw of Defendant. Plaintiff files a lawsuit subjecting Defendant to millions of dollars in liability. Defendant refuses to remove Plaintiff's name and other information from its website at least to mitigate damages. It's the attitude of the officers and directors of the Defendant that they will do as they please and evade the consequences through stalling tactics.

E. PLAINTIFF'S SUGGESTED REMEDY.

The court's options in dealing with actions of defendant and its attorneys of record are well settled. First, as sanctions and a matter of law, the court should order the clerk to comply with Plaintiff's request for entry of default and clerk's default judgment on the grounds of "failure to .

Motion for sanctions pursuant to Rule 11(c) of the FRCP and Local Rule 110 - 8

. . otherwise defend" as to the certain sums set forth in the Second Amended Complaint ("SAC").[2]  Plaintiff seeks alternative relief in sums less than the certain sums set forth in the SAC.  This provides defendant with sufficient notice that refusal to comply with the Local Rules will not be tolerated.  A judgment based on technicalities rather than on the merits can be avoided by Defendant filing a motion based on adequate grounds to set aside and vacate the default.

Second, would be sanctions against the attorneys involved.  Defendant's attorneys of record have not only shown disrespect to this court by acting like the court's local rules do not apply to them, but flaunt their contempt for this court by acting as if this court has no power to control their behavior.  The court has the inherent power pursuant to Local Rule 110 to revoke said attorneys' *pro hac vice* privileges pursuant to by vacating its *pro hac vice* order pursuant to Local Rule 180(b).  Defense counsel appears before this court at the "discretion" of the court.  What the court giveth, the court can taketh away.  Pursuant to Rule 11(c), this would apply to the law firm focal, PLLC, as well as, attorneys Venkat Balsubramani and Sean M. McChesney of focal PLLC.

Upon revocation of their *pro hac vice* status, Venkat Balsubramani, Sean M. McChesney and focal PLLC would be required by local Rule 182(d) to serve notice on Defendant that it could no longer represent Defendant before this court.  It is a right to have representation by counsel but a privilege to have counsel of choice.  [A full and fair hearing only requires Defendant is entitled to be represented by counsel, not counsel of its choice – i.e., Defendant's attorney of record is not a member of the California Bar

---

[2] This would table Plaintiff's motion to file and serve the Fourth Amended Complaint.  If the court decides to set aside and vacate the default, Plaintiff will file "new notice of motion setting forth a proper time and date" for a hearing on said motion.

Motion for sanctions pursuant to Rule 11(c) of the FRCP and Local Rule 110 - 9

Association and therefore not entitled to act as counsel pursuant to Local Rule 180(a) unless the attorney is granted *pro hac vice* privileges pursuant to Local rule 180(b).] Plaintiff avers that it is not unreasonable that such notice is completed within seven (7) calendar days of the hearing date of September 9, 2015.[3] Defendant will then seek new counsel. Pursuant to Local rule 182(g), the defendant, its old attorney and its new attorney shall execute a substation of attorney application. Plaintiff avers that thirty (30) calendar days from the hearing on September 9, 2015, is sufficient time to find a new attorney and execute the petition. Defendant shall have forty-five (45) calendar days from the hearing date of September 9, 2015, to file a motion to set aside and vacate the default and clerk's default judgment, but the hearing on the matter should not be scheduled for beyond ninety (90) days after the hearing on September 9, 2015. If Defendant demonstrates its intent to continue to ignore the local rules and orders, then the court has the discretion to make the default permanent.

Plaintiff is not going to challenge any reasonable grounds for vacating the default on the grounds that (1) the matter is within the court's discretion and actions should be heard on their merits rather than decided by technicalities, and (2) Plaintiff's interests lie in a judgment on the pleadings, summary judgment and/or by trial as such judgments would apply to similar cases, while a default judgment would only apply to the parties to the above-entitled action.

IV.

CONCLUSION.

---

[3] Plaintiff will have proposed orders prepared at the hearing for the court to sign or not sign at its discretion.

Motion for sanctions pursuant to Rule 11(c) of the FRCP and Local Rule 110 - 10

1     For the reasons set forth above, this court should sanction defendant WHITEPAGES, INC., Venkat Balasubramani, Sean M. McChesney and focal PLLC, pursuant Rule 11(c) of the FRCP and Local Rule 110, and the court should consider the form of sanctions suggested by Plaintiff in Section III(E), above.

FOR PLAINTIFF:

DATED:   AUGUST 20/2015.        *Darrel L. Espinosa*

DARREL L. ESPINOSA, Appearing *Pro Se*.

Motion for sanctions pursuant to Rule 11(c) of the FRCP and Local Rule 110 - 11

## DECLARATION OF DARREL L. ESPINOSA.

I, DARREL L. ESPINOSA, declare:

1. I am the plaintiff in the above-entitled action and am appearing *pro se*.

2. I have provided notice to opposing counsel Venkat Balasubramani and Sean M. McChesney that upon the conclusion of pleadings I will seek a judgment on the pleadings as to most issues of law and to seek summary adjudication on the remaining issues of law, then seek a jury trial on the issues of fact, including but not limited to the award of damages.

3. Based on my personal knowledge and the files, records and papers filed with this court in the above-entitled action, the defendant WHITEPAGES, INC., or its attorney of record has not filed a "new notice of motion setting forth a proper time and date" for hearing any motion to dismiss after the court vacated the order setting the hearing of the motion to dismiss.

4. The defense has been given adequate notice of its failure to comply with Local Rule 230(b) and has refused for over five (5) months to comply with Local Rule 230(b).

5. This motion is made in the interest of justice and not intended to annoy, vex or harass any party in the above-entitled action or to cause unnecessary delays or cause unreasonable litigation costs.

6. This declaration is based upon my personal knowledge.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 20th day of August 2015 in the County of Colusa, a political and administrative subdivision of the State of California.

*/s/ Darrel L. Espinosa*

Motion for sanctions pursuant to Rule 11(c) of the FRCP and Local Rule 110 - 12