UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL L. ESPINOSA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WHITEPAGE, INC., a Delaware corporation dba whitepages.com,<br><br>　　　　　Defendant. | No. 2:14-cv-2829-MCE-EFB PS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff filed a complaint against defendant Whitepages, Inc. on December 4, 2014.[1] Prior to initiating this action, plaintiff was declared a vexatious litigant and subjected to a pre-filing order. *See Espinosa v. Marshall*, 2:06-cv-1192 MCE GGH PS, ECF No. 92 at 2. That order prohibited plaintiff from filing any new actions unless he filed with his complaint a copy of the pre-filing order and a declaration containing, among other things, an explanation for why he believes his claims have merit. *Id*. Plaintiff did not file such a declaration. Neither did he file a copy of the pre-filing order. Consequently, the clerk's office was unaware of the order and this civil action was mistakenly opened despite plaintiff's noncompliance.

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

As part of a motion to dismiss, ECF No. 17, defendant informed the court that a vexatious litigant/pre-filing review order had been entered against plaintiff. P&A ISO Def.'s Mot. to Dism., ECF No. 18; *see Espinosa v. Marshall*, 2:06-cv-1192 MCE GGH PS. As noted, plaintiff did not comply with the requirements that he file a copy of the pre-filing order and a declaration of merit. He also failed to comply with the requirements that he list all previous actions he filed in this or any other court and identify the names of all defendants and all claims made in previous actions. *Espinosa v. Marshall*, 2:06-cv-1192 MCE GGH PS, ECF No. 92 at 2-3. Plaintiff also failed to comply with the requirements that he certify that the defendants named in the proposed action have not previously been sued by plaintiff. *Id*.

Once the court learned of the order, it specifically instructed plaintiff to comply with it and to file the required documents. ECF No. 24. Plaintiff was informed that "the court will review the declaration plaintiff submits and determine whether this action may proceed." *Id*. Although plaintiff has since filed his declaration, he has disregarded the court's statement that after the declaration was submitted, it would be reviewed to determine whether the action should proceed. Instead, plaintiff has besieged the docket with numerous unnecessary filings. He filed a motion to amend, a notice of withdrawal of his motion for leave to file a second amended complaint--which indicated that the parties had stipulated to the filing of the proposed second amended complaint,[2] ECF No. 25, and a motion for leave to file a third amended complaint, which he noticed for hearing on March 25, 2015. ECF No. 26. On March 11, 2015, he filed yet another motion for leave to file an amended complaint. ECF No. 33.[3] Then, on July 16, he filed

/////

---

[2] Since plaintiff had already amended his complaint as a matter of course, he could not further amend his complaint without written consent from defendant or leave of court. *See* Fed. R. Civ. P. 15(a). Plaintiff's pleading indicates that the parties stipulated to plaintiff filing his proposed second amended complaint (ECF No. 25), and defendant filed a written statement of non-opposition to plaintiff's request to file the proposed second amended complaint. ECF No. 16. Accordingly, the operative complaint is the proposed amended complaint filed on January 23, 2015. ECF No. 8

[3] As the court had yet to review plaintiff's declaration as to whether the action would proceed, the hearings on plaintiff's motions were vacated. ECF No. 36.

a motion for default judgment and a request for entry of defendant's default. ECF No. 39.[4] The clerk declined plaintiff's request for entry of default in light of defendant's pending motion to dismiss. ECF No. 41. Plaintiff then filed yet another motion to amend his complaint, which he noticed for hearing on September 9. ECF No. 42. In response, defendant filed a motion to stay, requesting that the court stay the hearing on plaintiff's most recent motion to amend until resolution of its motion to dismiss. ECF No. 44. Shortly thereafter, plaintiff filed another request for entry of default (ECF No. 45), a motion for sanctions (ECF No. 46), and a motion to shorten time to allow the motion for sanctions to be heard at the same time as most recent motion to amend. The court subsequently granted defendant's request to stay, and vacated the hearing on plaintiff's motion to amend. ECF No. 53. The court also vacated the hearing on plaintiff's motion for sanctions. *Id*.

Having reviewed plaintiff's declaration, the court now screens it and the operative complaint pursuant to 28 U.S.C. § 1915. As explained below, this action must be dismissed. Consequently, it is recommended that all pending motions be denied as moot.

I.   Screening Requirement and Standard

Pursuant to the *in forma pauperis* statute, 28 U.S.C. §1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, must be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

---

[4] Also on July 16, and despite the fact that the Clerk had yet to respond to his request for entry of default, plaintiff filed a "Request for Modification of Clerk's Entry of Default Judgement," which requested modification of "the clerk's default judgment" to reflect that plaintiff was entitled to receive $5,829,999.90 in damages. ECF No. 40.

a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

/////

II. <u>Screening Order</u>

The operative complaint purports to assert state law claims against defendant for violation of California Civil Code § 3344 and invasion of privacy in violation of California's constitution. ECF No. 8 ¶ 1. Plaintiff appears to predicate jurisdiction on diversity. He alleges that he is a resident of Colusa County, California, and that defendant is a Delaware corporation with its principal place of business in Seattle, Washington. *Id*. ¶¶ 3-4.

Plaintiff's allegations are whimsical; even delusional. In summary, he claims that in 2002 he created a licensing agreement for the use of his personal information. *Id*. ¶ 7. The purpose of the licensing agreement was to protect his privacy and prevent the improper use of his personal information. *Id*. It also served to protect a number of his constitutional rights, and to "curtail the false perception that just because there is a device, the internet, that provides the means to snoop in other persons private affairs does not create a right to snoop any more than a window creates a right to peeping toms to intrude in another's personal affairs."[5] *Id*.

He further alleges that defendant "commercially exploited" his personal information, including his name, address, and telephone number, through the sale of subscriptions for their personal benefit and profit. *Id*. ¶ 11. He alleges that defendant made no attempt to acquire plaintiff's consent to "the commercial exploitation" of plaintiff's personal information because it wanted to evade gaining knowledge that such information was subject to licensing fees. *Id*. ¶¶ 12-13.

The complaint also alleges that "[p]laintiff does not participate in the internet subculture and had no knowledge that the Defendants maintained a webpage on the internet until November" 2014. *Id*. ¶ 16. Plaintiff adds that he "has information and based on that information believes that Defendants are unregistered agents of foreign governments employed to spy and gather personal information to sell to foreign governments and enemies of the United States of America." *Id*. ¶ 17.

/////

---

[5] Attached as exhibit 1 to the complaint is a copy of the purported "Licensing Agreement to use the Personal Information of Darrel L. Espinosa for Commercial Purposes." *Id*. at 16-19.

The essence of plaintiff's complaint is that defendant's alleged unauthorized use of his personal information violated California Civil Code § 3344. *Id*. at 7-9. California recognizes a right to privacy for protecting one's name and likeness from appropriation from others for their advantage. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001). California recognizes both a common law cause of action for misappropriation, and a statutory remedy under California Civil Code § 3344. However, to state a common law cause of action for misappropriation, the plaintiff must allege "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Id*. To state a claim for violation of section 3344, in addition to alleging all the elements for common law cause of action, a plaintiff must allege "a knowing use by the defendant as well as a direct connection between the alleged use and the commercial purpose." *Id*. The complaint fails state a claim under either theory.

Plaintiff's allegations are too vague and conclusory to state a claim for violation of § 3344. He alleges that defendant "is in the business of selling [its] products on the internet." *Id*. ¶ 19. He further claims that defendant used "Plaintiff's name on the internet to advertise and promote [its] products on the internet." *Id*. ¶ 20. Plaintiff also concludes that defendant "commercially exploited Plaintiff's personal information . . . through the sale of subscriptions and other monetary transactions." *Id*. ¶ 10. It is unclear from these conclusory allegations how plaintiff's personal information was used to achieve some commercial purpose. Plaintiff does not identify the products defendant allegedly sells, nor is it clear how plaintiff's information, including his name, address, and phone number were used to sell such products. Instead, he simply contends that defendant exploited his personal information to promote some type of product on the internet and for its "personal gain and monetary profits." These allegations do not establish a direct connection between the alleged use and commercial purpose. Accordingly, the complaint contains insufficient allegations to support a cause of action for misappropriation and therefore necessarily fails to state a claim under California Civil Code § 3344.

Plaintiff's remaining claim appears to be for invasion of privacy in violation of California's constitution. ECF No. 8 at 9-12. To state a claim for violation of the right to privacy

6

in violation of the Article I, § 1 of the California Constitution, a complaint must allege: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy; and (3) conduct that amounts to a serious invasion of the protected privacy interest. *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35-37 (1994).

Plaintiff contends that defendant violated his right to privacy by commercially exploiting his name. *Id.* ¶ 34. He claims that defendant published his personal information on its website for personal gain and monetary profit. *Id.* ¶ 35. Defendant also allegedly engaged in "'snooping' and secret gathering of the Plaintiff's personal information." *Id.* "Defendants were engaged in gathering and storing information that Plaintiff had given to governmental entities for a specific purpose." *Id.* ¶ 37. Plaintiff further contends that defendant has fabricated "Plaintiff's personal information history" to publicly embarrass, ridicule, dishonor and injure plaintiff's reputation. *Id.* ¶ 40.

These allegations do not support a claim for invasion of privacy. "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill*, 7 Cal. 4th at 37. Although plaintiff concludes that defendant's conduct shows a "total disregard for the normative rules of society," he simply alleged defendant published his name, address, and phone number on the internet. ECF No. 8 ¶ 10. Such conduct does not constitute an egregious breach of social norms. *See Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 991-992 (2001) (finding that even if plaintiff had a privacy interest in his home address, defendant obtaining plaintiff's address without knowledge and using it to send plaintiff advertisements was not sufficiently serious); *see also McNutt v. N.M. State Tribune Co.*, 88 N.M. 162, 166 (1975) ("an individual's home address is a public fact and . . . mere publication, without more, cannot be viewed as an invasion of privacy."); Phillip E. Hassman, Annotation, *Publication of Address as well as Name of Person as Invasion of Privacy*, 84 A.L.R. 3d 1159 (1978) ("It would therefore seem that under the Restatement, the mere publication of a person's address, no matter what the circumstances, could not constitute an invasion of his privacy."). Thus, plaintiff also fails to state a claim for invasion of privacy.

   Fundamentally, the curious allegations of plaintiff's complaint fail to state a plausible claim. Although a court should generally grant a pro se plaintiff leave to amend, the court finds that the instant action is frivolous and therefore granting such leave would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir.1989); *Franklin*, 745 F.2d at 1227.

   In addition to the various conclusory allegations discussed above, the complaint includes allegations that have no basis in reality. For example, the complaint alleges that "Plaintiff has information and based on that information believes that Defendants are unregistered agents of foreign governments employed to spy and gather personal information to sell to foreign governments and enemies of the United States of America." *Id*. ¶ 17. He further contends that defendant engaged in "snooping" and "secret gathering." *Id*. ¶ 35. His purported injury is said to be based on a licensing agreement that he created to "curtail the false perception that just because there is a device, the internet, that provides the means to snoop . . . does not create a right to snoop. . . ." *Id*. ¶ 7. Plaintiff does not allege that defendant signed this agreement or otherwise agreed to be bound by its terms. Rather, he simply states that defendant is bound by it because plaintiff notified defendant of it. *Id*. ¶¶ 22, 27-31. He adds that under his licensing agreement, a party seeking to obtain the non-exclusive commercial use of his "personal information" must pay him $1,300,000, while an exclusive five year terms requires payment of $39 million. *Id*. at 18. Plaintiff claims that based on this licensing agreement, and the defendant's alleged misuse of his personal information, defendant is now liable for nearly half a billion dollars in damages. *Id*. at 13.

Plaintiff's claims are patently frivolous and lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Accordingly, the second amended compliant be must dismissed without leave to amend.[6]

## IV. Motion for Sanctions

Plaintiff has also moved for sanctions against defendant's counsel based on plaintiff's contention that counsel impermissibly failed to comply with Local Rule 230(c). ECF No. 46. He asserts that counsel failed to properly notice for hearing its motion to stay proceedings until resolution of the pending motion to dismiss. *Id*. at 8. However, counsel filed the request to stay in direct response to the numerous motions filed by plaintiff. Under the circumstances, the court finds that sanctions are not appropriate. Accordingly, the motion is denied.

## V. Motion for Default Judgement

On July 16, 2015, plaintiff filed a motion for default judgment (ECF No. 39), together with a request for entry of defendant's default. ECF No. 40. Plaintiff contends default is appropriate because defendant failed to timely respond to plaintiff's first amended complaint. ECF No. 39 at 1-2.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[7] Entry of default against a defendant cuts off that defendant's right to appear in the action or to present evidence. *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927).

Here, the Clerk of Court declined plaintiff's request for entry of default based on defendant's pending motion to dismiss the second amended complaint. ECF No. 41. Instead of filing a response to plaintiff's first amended complaint, defendant filed a non-opposition to

---

[6] In light of the recommended disposition of this case, defendant's motion to dismiss (ECF No. 17), and plaintiff's motions to amend the complaint (ECF Nos. 26, 33, 42) are denied without prejudice.

[7] Because the court finds that entry of default under Federal Rule of Civil Procedure 55(a) is improper, the standards for entry of default judgment under 55(b) need not be addressed.

plaintiff filing his second amended complaint and a motion to dismiss the second amended complaint. There was nothing improper with defendant proceeding in this manner.[8] In any event, defendant has filed a motion to dismiss and therefore entry of default is inappropriate. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (no default can be entered if defendant has filed a response indicating its intent to defend the action). Furthermore, as this action must be dismissed without leave to amend, there are no claims upon which to enter judgment. Accordingly, plaintiff's motion for default judgment must be denied.

IV.   Conclusion

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss (ECF No. 17) is denied without prejudice to renewal, should the district judge not adopt the recommendation below.

2. Plaintiff's motions to amend the complaint (ECF Nos. 26, 33, 42) are denied without prejudice to renewal, should the district judge not adopt the recommendation below.

3. Plaintiff's motion for sanctions (ECF No. 46) is denied, and plaintiff's request to shorten time for hearing on the motion for sanctions (ECF No. 48) is denied as moot.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim;

2. Plaintiff's motion for default judgment (ECF No. 39) be denied;

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

---

[8] Rule 15 allows a party to amend their complaint with the opposing party's written consent. Fed. R. Civ. P. 15(a)(2).

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 30, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE